UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL CLINTON LLOYD, JR.                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:11CV263-LG-RHW

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court on Plaintiff Joel Clinton Lloyd, Jr.'s [12] Motion to Reverse the Decision of the Social Security Administration (SSA) and to Remand to the SSA for further proceedings. In his motion, Plaintiff argues that (1) the administrative law judge (ALJ) erred when she relied on the testimony of a vocational expert that was inconsistent with the Dictionary of Occupational Titles (DOT); and (2) the ALJ failed to give proper consideration to the weight of the opinion of Plaintiff's treating psychologist.

Plaintiff filed an application for supplemental security income (SSI), alleging that he became unable to work on November 2, 2007. Plaintiff was 46 years old at the time of his application, with an 8th grade education, and past relevant work as a construction laborer. The SSA initially denied Plaintiff's application. An ALJ conducted a hearing on March 10, 2010. By decision dated April 9, 2010, the ALJ denied Plaintiff's application. The Appeals Council denied Lloyd's appeal of the ALJ's decision. Having exhausted his administrative remedies, Plaintiff filed the instant lawsuit.

The ALJ found that Plaintiff suffered from chronic obstructive pulmonary disease, hypertension, major depressive disorder and anxiety disorder, and that these conditions met the

definition of severe impairments. However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments under the SSA's guidelines. The ALJ further concluded that Plaintiff was unable to return to his past relevant work based on these conditions.

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform less than the full range of sedentary work. Specifically, Plaintiff could stand and walk no more than 30 minutes at a time and no more than two hours in an eight-hour day; could rarely climb stairs or ramps; could not climb ladders scaffolds or ropes; and could not work around unprotected heights, dangerous equipment, temperature extremes, humidity and wetness, or concentrated exposure to pollutants. Plaintiff was further restricted to jobs involving short simple, one- to two- step instructions; no working in large crowds; and no more than limited contact with the public or co-workers. The ALJ also concluded that Plaintiff could not perform production paced work. Relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform the occupations of order clerk and surveillance system clerk. As such, the ALJ concluded that Plaintiff is not disabled.

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390

(1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id*.

### **Vocational Expert &** ***Dictionary of Occupational Titles***

Plaintiff argues that the ALJ erred when she relied on the testimony of the vocational expert (VE) because the VE's testimony was inconsistent with the DOT; and the ALJ failed to resolve the inconsistencies. The ALJ concluded that Plaintiff had the RFC to perform jobs involving short, simple one- to two- step instructions. *See* dkt. entry [10] at 24. Plaintiff argues that the VE identified jobs that entail reasoning development at Level 3 according to the DOT, and thus are inconsistent with Plaintiff's limitation to short, simple one- to two- step instructions. The Commissioner counters that Plaintiff failed to raise this alleged inconsistency at the time of the ALJ hearing. Moreover, the ALJ asserts that there is no inconsistency between the VE's testimony and the DOT.

In addressing issues of conflict between the DOT and a VE's testimony, the Fifth Circuit has stated that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative approach." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). However, the Supreme Court has noted that "Social Security

4

proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). An ALJ is not required to exhaust every possible line of inquiry and generally is entitled to rely on claimant's counsel to structure and present claimant's case in a way that his claims are adequately explored. *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009). Although the Supreme Court held that an issue not raised before the Appeals Council is not waived, it left open the question whether an issue is waived if not raised before the ALJ. *See Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001)(declining to extend *Sims* to SSA administrative hearing context); *Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1347 (M.D. Fla. 2001)(holding issue deemed waived when not raised in SSA administrative hearing).

However, at least one circuit has held that Social Security Ruling 00-4p (which is at issue in the instant case) places an affirmative duty on the ALJ to inquire about the consistency of a VE's testimony with the DOT. *See Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006); *see also* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Thus, a claimant does not forfeit or waive his right to raise this particular issue before the district court if the claimant failed to raise it at the ALJ hearing. *See Prochaska*, 454 F.3d at 735. The undersigned concludes that by virtue of the ALJ's affirmative duty to inquire about inconsistencies between the VE's testimony and the DOT, the issue presented has not been waived. *See Romine v. Barnhart*, 454 F.Supp.2d 623, 631 (E.D. Tex. 2006)(finding that attorney's failure to raise direct conflict between VE testimony and DOT did not waive right to raise issue on appeal). Arguably, the issue was raised by the ALJ when she asked the VE whether there were any inconsistencies between his testimony and the DOT, and then citing

specifically to Ruling 00-4p in her decision. Although the ALJ raised the issue, the question before the undersigned is whether the ALJ effectively explored the issue once it was broached.

The initial question is whether there is a conflict between the DOT and the VE's testimony. The Fifth Circuit has held that "neither the DOT nor the vocational expert testimony is per se controlling". *Carey*, 230 F.3d at 147. "A vocational expert's erroneous characterization of the exertion level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony." *Id.* The DOT outlines the reasoning development function as part of the general educational development of a particular job. Reasoning development is defined on a scale of 1 to 6, with level 1 being the lowest and level 6 being the highest level of reasoning development. *See DOT*, (4th ed. 1991) Appendix C, Section III, 1991 WL 688702. Level 1 reasoning development includes the ability to carry out *simple one- or two- step instructions*, in other words, the type of reasoning development that the ALJ specifically attributed to Plaintiff in this case. *Id.* Level 2 reasoning development, by contrast, includes the ability to carry out *detailed* instruction by uninvolved written or oral instructions. *Id.* Level 3 includes the ability to carry out instructions furnished in written, oral, and diagrammatic forms. It also includes the ability to deal with problems involving several concrete variables in or from standardized situations. *Id.* Given that the ALJ assigned limitations to Plaintiff that would be consistent with Level 1 reasoning development ("short simple one- to two step instructions") but that the VE identified jobs that require Level 3 reasoning development, there does appear to be a conflict between the VE's testimony and the DOT. *See* dkt. entry [10] at 60 (identifying surveillance systems monitor and order clerk as jobs Plaintiff is able to perform); *see also DOT* § 379.367-010, 1991 WL 673244 (surveillance system monitor);

§ 209.567-014, 1991 WL 671794 (order clerk).

Ruling 00-4p states that "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, *2. Although its opinion predates SSR 00-4p, the Fifth Circuit in *Carey* held that an ALJ may rely upon the VE's expert testimony "provided that the record reflects an adequate basis for doing so." 230 F.3d at 146. In this case, the ALJ specifically asked the VE to bring to her attention any testimony that deviates from the DOT. *See* dkt. entry [10] at 58. The ALJ later asked the VE whether his testimony was consistent with the DOT. The VE replied in the affirmative. *Id.* at 60. In her decision, the ALJ specifically found that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Despite the VE's testimony and despite the ALJ's findings, neither the VE nor the ALJ acknowledged or explained the apparent discrepancy between the Plaintiff's reasoning level (which would be consistent with Level 1 reasoning development) and the jobs identified by the VE from the DOT (which require Level 3 reasoning development). Accordingly, there is no adequate basis for relying on the VE's testimony in the face of the "apparent unresolved conflict" identified by Plaintiff on appeal. *Quoting* SSR 00-4p, 2000 WL 1898704, at *2.

The Commissioner cites to the Fifth Circuit's holding in *Carey*; however, the facts of *Carey* are easily distinguishable. First, it is noteworthy that *Carey* predates SSR 00-4p. Second, the VE in *Carey* specifically identified and explained the alleged discrepancy presented by the DOT. In other words, *Carey* did not involve an unacknowledged or unexplained conflict

7

between the VE's testimony and the DOT. Third, after a close examination of the plaintiff's limitations and the job description in the DOT, the court in *Carey* concluded that no inconsistency in fact existed. By contrast, in the instant case, there does appear to be an unexplained inconsistency. Specifically, neither the VE nor the ALJ recognized or offered any explanation for how an individual with Level 1 reasoning development is capable of performing jobs that require Level 3 reasoning ability. Based on the foregoing, the undersigned recommends that the case be remanded to the SSA for further development of the record. *See Woods v. Barnhart*, 458 F.Supp.2d 336, 346 (S.D. Tex. 2006)(remanding where VE and ALJ failed to recognize or discuss a conflict between VE's testimony and the DOT).

### Treating Source--Dr. Sharon Brown

Plaintiff also argues that the ALJ failed to consider or explain the required six factors pertaining to the weight given the opinion of a treating source. In this case, Plaintiff is referring to the opinion of psychologist, Dr. Sharon Brown. As will be explained, the ALJ concluded, at least by implication, that Dr. Brown was not a treating source. There is an absence of evidence establishing that Dr. Brown was a treating source; therefore, the factors identified by the Plaintiff do not apply

The opinion of a treating physician is to be given controlling weight if the opinion is well-supported by clinical and laboratory findings and is not inconsistent with other substantial evidence in the record. 20 C.F.R. 404.1527(d)(2); *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings. *Newton v. Apfel*, 209 F.3d 448, 455

(5th Cir. 2000). "Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)." *Id.* at 453 (emphasis in the original). The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(d)(2) are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton*, 209 F.3d at 455-56. A treating physician's opinion may be rejected when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176. "If the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence form the treating physician". *Newton*, 209 F.3d at 453.

The undersigned concludes that, contrary to Plaintiff's assertion, the ALJ was not required to consider the six factors for a treating source. There is no indication in the record that Dr. Brown is a treating source. As the ALJ noted, Dr. Brown has not conducted individual counseling sessions with Plaintiff and is not in charge of Plaintiff's medical management. *See* dkt. entry [10] at 24. In her motion, Plaintiff explains that "Dr. Brown is the supervising member of a team of providers at SCAMH". Dkt. entry [13] at 15. Plaintiff candidly admits that

9

"counseling notes which appear in the record under her signature regarding [Plaintiff's] course of treatment are admittedly absent". *Id.* Rather, other members of SCAMH were treating Plaintiff under Dr. Brown's direct supervision. *Id.* at 16. The substantial evidence of the record as it stands indicates that Dr. Brown was not a treating, or even an examining source. The ALJ's findings are consistent with this conclusion. Plaintiff essentially concedes as much in her motion. As such, the typical analysis required of a treating source was not required of the ALJ.

Regardless, in her decision the ALJ "accorded the opinion of Sharon Brown, Ph.D little weight." Dkt. entry [10] at 23. The ALJ offered numerous reasons for giving little weight to Dr. Brown's opinion, including the fact that Dr. Brown did not indicate the diagnosis or symptoms upon which she based her opinion; that Dr. Brown's opinion is inconsistent with the scope of treatment the claimant received from South Central Alabama Mental Health; and that Dr. Brown's opinion is inconsistent with the opinion of Dr. Jordan, who directly examined Plaintiff. *Id.* at 24. Based on the foregoing, the undersigned finds that there was substantial evidence supporting the ALJ's decision to accord "little weight" to Dr. Brown's opinion.

At one point in her decision, the ALJ made the finding that "the extent of Dr. Brown's direct contact, if any, with the claimant is unclear from the record." *Id.* at 24. Plaintiff seizes upon this statement to argue that the ALJ should have re-contacted Dr. Brown for clarification. Contrary to Plaintiff's contention, the ALJ did not dismiss Dr. Brown's opinion "solely on a contention that the record did not demonstrate enough contact with Mr. Lloyd". *See* dkt. entry [13] at 17. Rather, the ALJ adequately addressed Dr. Brown's opinion and provided several reasons for giving it little weight. However, in light of the undersigned's recommendation that the case be remanded for further proceedings, the undersigned leaves to the discretion of the ALJ

10

whether any further contact with or clarification from Dr. Brown is warranted.

## RECOMMENDATION

The undersigned recommends that Plaintiff's [12] Motion to Remand be GRANTED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 21st day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE